UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES W. BROOKS, )<br>)<br>   Movant, )<br>) | |
| ) | No. 15-1166-JDT-cgc |
| VS. ) | Crim. No. 06-10003-JDT |
| ) | |
| UNITED STATES OF AMERICA, )<br>) | |
|    Respondent. ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, James W. Brooks. For the reasons stated below, the Court DENIES the § 2255 motion.

On January 23, 2006, a federal grand jury returned an indictment charging Brooks with four counts of possessing with intent to distribute and distributing cocaine base ("crack" cocaine), in violation of 21 U.S.C. § 841(a)(1). Brooks entered a guilty plea to counts one and two on February 4, 2008. At a hearing on June 24, 2008, he was sentenced to a 144-month term of imprisonment.[1] The Court also imposed a five-year term of supervised release. Notwithstanding an appeal waiver in the Plea Agreement, Brooks filed

---

[1] Brooks was sentenced to a 60-month term of imprisonment on count one and a concurrent term of 144 months on count two, for an effective sentence of 144 months.

a direct appeal, and the sentence was affirmed. *United States v. Brooks*, No. 08-5845 (6th Cir. May 4, 2010). On April 30, 2015, the Court granted Brooks's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Amendment 782 to the U.S. Sentencing Guidelines; his sentence was reduced from 144 to 130 months.

On June 22, 2016, Brooks filed the present motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) In compliance with the Court's order, the United States filed a response to Brooks's motion. (ECF No. 10.) The Government states, and the Bureau of Prisons Inmate Locator confirms,[2] that Brooks was released from prison on December 14, 2016; therefore, he is serving his supervised release.

The issues raised in the § 2255 motion are all related to the claim that Brooks was erroneously denied credit on his federal sentence for approximately fifteen months spent in pre-trial custody, from March 11, 2006 to June 8, 2007. On March 11, 2006, prior to being arrested on the January 2006 indictment in this case, he was arrested on a state parole violation warrant based on the same conduct. Brooks consented to the parole violation and began serving the remainder of his state sentence. In April 2006, he was brought into this Court on a writ of habeas corpus *ad prosequendum*. Brooks states that during plea negotiations, his attorney advised that he would receive credit on his federal sentence for all pre-trial custody because the cases were related. Brooks further contends that in order to effectuate the credit, the Court should have adjusted his sentence pursuant to U.S.S.G. § 5G1.3(b) and made an appropriate note on the judgment in accordance with Application

---

[2] *See* https://bop.gov/inmateloc/.

Note 2(C) of the Commentary to § 5G1.3. He contends counsel's failure to ensure that § 5G1.3(b) was applied amounted to ineffective assistance.[3]

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a

---

[3] The Government asserts that Brooks's motion could be construed as a habeas petition pursuant to 28 U.S.C. § 2241. Brooks does state that he attempted to get the Bureau of Prisons (BOP) to credit him with the fifteen months of pre-trial custody, which might suggest he is attacking the way his sentence was executed. However, he contends the BOP advised that only the Court could grant the relief he sought. The gist of his argument is that the lack of pre-trial sentence credit was due to the Court's imposition of his sentence without an adjustment in accordance with Guideline § 5G1.3 and to counsel's ineffective assistance is failing to ensure such an adjustment was made. Therefore, the Court will construe the motion the way Brooks has filed it, as a § 2255 motion.

3

fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules.

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Brooks contends that his § 2255 motion is timely under paragraph (f)(4). He asserts that he inquired of BOP officials about the credit for pre-trial custody on "a number of" occasions, to the point of being "aggravating to BOP sta[ff]." (ECF No. 1 at 13-14.) Brooks further states in an affidavit attached to his motion that "after I arrived at the federal institution, I was told that I could not get pre-trial credit" and that "this final decision" was given to him on June 8, 2015. (ECF No. 1-3.) His attempts to contact his trial attorney were unsuccessful, and it was then he understood that he would have to seek relief from the Court. (*Id.*)

These minimal assertions are insufficient to establish that Brooks exercised due diligence in discovering the facts supporting his claims. Brooks was sentenced on June 24,

2008.  He does not state when he first realized he had not received credit for the fifteen months of pre-trial custody, the date he first began making inquiries of BOP officials, or the substance of the various responses to those inquiries.  Therefore, the Court finds that Brooks has not shown that his § 2255 motion is timely.

Brooks also asserts that his motion should be deemed timely filed under the doctrine of equitable tolling.  *See Holland v. Florida*, 560 U.S. 631 (2010).  In order for equitable tolling to apply, Brooks must demonstrate both that he has been reasonably diligent in pursuing his rights and "'that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also id.* at 653.  However, just as Brooks has not sufficiently shown that he acted with the diligence necessary for § 2255(f)(4) to apply in this case, he has not demonstrated that he pursued his rights with the reasonable diligence required to invoke equitable tolling.

Even if Brooks's § 2255 motion is deemed timely filed, the Government's assertion that the proceeding is mooted by his release from prison is well taken.  A § 2255 movant who is serving a term of supervised release satisfies the statute's "in custody" requirement.  *See United States v. Sferrazza*, 645 F. App'x 399, 404-05 (6th Cir. 2016); *see also Hampton v. United States*, 191 F.3d 695, 697 (6th Cir. 1999) (§ 2255 motion filed while the movant was in custody does not necessarily become moot if the sentence fully expires while the § 2255 proceeding is pending).  However, Brooks has challenged only his term of imprisonment and not his conviction itself.  Therefore, unless he can show some continuing adverse consequence from the completed sentence, no meaningful relief can be granted to

him and there is no live case or controversy under Article III to be adjudicated. *See United States v. Perotti*, 702 F. App'x 322, 323-24 (6th Cir. 2017) (released movant who challenged only the length of his custodial sentence appealed ruling on § 2255 motion; Court of Appeals held the appeal of the § 2255 motion was moot because movant could point to no continuing adverse consequences from the completed part of his sentence); *see also Lane v. Williams*, 455 U.S. 624, 630-31 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").

Brooks has not filed any reply to the Government's assertion that this § 2255 proceeding is moot. Therefore, he has not attempted to show that there are any continuing adverse consequences from his completed sentence.

For all of the foregoing reasons, the Court concludes that Brooks is not entitled to relief in this § 2255 proceeding. Therefore, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated. Therefore, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court instead of the district court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Brooks would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Brooks files a notice of appeal, he must also pay the

full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE